1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ANDREW MOSANA,                          Case No.  1:22-cv-00785-JLT-HBK

12              Plaintiff,                    ORDER GRANTING DEFENDANT'S
                                              AMENDED MOTION TO DISMISS WITH
13        v.                                  LEAVE TO AMEND AND DEFERRING
                                              RULING ON DEFENDANT'S SPECIAL
14   PROPERTY AND CASUALTY                    MOTION TO STRIKE[1]
     INSURANCE COMPANY OF
15   HARTFORD, et al.,                        (Doc. No.  12)

16              Defendants.

17

18        Pending before the Court is Defendant Todd Haines' amended motion to dismiss and

19   special motion to strike filed on August 18, 2022.  (Doc. No. 12, "Motion").  Pursuant to Federal

20   Rule of Civil Procedure 12(b)(6), Haines seeks dismissal of Plaintiff's Complaint, and also brings

21   a special motion to strike under Cal. Civil Code § 425.16.  (*Id*.).  Plaintiff filed an Opposition

22   (Doc. No. 17), and Haines filed a Reply (Doc. No. 23).  For the reasons set forth below, the Court

23   grants Defendant's Motion to Dismiss without prejudice to Plaintiff being granted leave to file an

24   amended complaint.  The Court thus defers ruling on the special motion to strike.

25   *////*

26

27   [1] On November 21, 2022 the district court reassigned the instant Motion to the undersigned for direct disposition
     based on the Parties Stipulation to consent to magistrate judge jurisdiction for the instant Motion only.  (*See* Doc.
     Nos. 30, 34).  On December 9, 2022 the case was referred to the Court's Voluntary Dispute Resolution Program
28   ("VDRP").  (Doc. No. 38).  A Notice of Completion of VDRP filed on July 5, 2023 indicates the case did not settle.

## BACKGROUND

### A.  Procedural History and Summary of Complaint

Plaintiff initiated this action by filing a civil complaint against Defendants Haines and Property and Casualty Insurance Company of Hartford ("Hartford") (collectively "Defendants"), alleging violations of the Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. § 3901, and the California Military and Veterans Code, §§ 400 et seq.  (Doc. No. 1 at 1).

In early 2018, Plaintiff was involved in a serious automobile accident, and on July 29, 2020 he entered into a contract with Hartford to make payments for the resulting damages.  (Doc. No. 1 at 5 ¶ 22; Doc. No. 12 at 3; Doc. No. 17 at 3).  Hartford later retained Defendant Haines to file a collections lawsuit in Tulare County after Plaintiff allegedly failed to make payments.  (Doc. No. 12 at 3).  In December 2018, Plaintiff enlisted in the United States Air Force, and has been on active military duty since that time.  (Doc. No. 1 at 5 ¶ 21; Doc. No. 17 at 3).

On March 4, 2022, after Plaintiff failed to respond to the collections suit, Haines filed a request for default using a standard CIV-100 Form and signed the included "Declaration of nonmilitary status" indicating his belief that "No Defendant named in item 1(c) of the application is in the military service as that term is defined by either the Servicemembers Civil Relief Act . . . or California Military and Veterans Code . . ."  (Doc. No. 12-2 at 19).  The Superior Court entered a default on March 17, 2022.  (*Id*. at 18).  Plaintiff was deployed at the time of Defendants' petition to the Superior Court and asserts he received no actual notice of the court's action.  (Doc. No. 1 at 5 ¶ 23, 6 ¶ 30).

After learning of the entry of default, Plaintiff filed the instant lawsuit on June 24, 2022, alleging violations of the SCRA and MVC.  (*See* Doc. No. 1).  In particular, Plaintiff's complaint alleges that Defendants violated 50 U.S.C § 3931 by filing a false affidavit in order to obtain a default judgment against Plaintiff, and violated a parallel state law provision, California Military and Veterans Code § 402.  On June 30, 2022, Defendants filed a motion in to vacate the entry of default, which Superior Court granted on July 1, 2022.  (Doc. No. 12-2 at 21-29).

### B.  Defendant's Motion to Dismiss

The instant Motion seeks dismissal of Plaintiff's Complaint against Defendant Haines on

several grounds.  (*See generally* Doc. No. 12).  First, Haines argues that the plain language of 50

U.S.C § 3931 reflects an intent to protect military personnel not from defaults, but only from

default judgments.  (Doc. No. 12 at 6) (citing *Interinsurance Exchange v. Collins*, 30 Cal. App.

4th 1445, 1448 (1994)).  Because Defendants never sought a default judgment, and indeed

specifically requested only entry of default, the penalty provisions of 50 U.S.C. § 3931 do not

apply and Plaintiff's Complaint fails to state a claim.  (Doc. No. 12 at 6-7.).  Moreover, when

apprised of their error regarding Plaintiff's military status, Defendants successfully moved to

vacate the entry of default.  (*Id.*).  Haines contends that Plaintiff's claim under California Military

and Veterans Code § 402 fails for the same reason as his SCRA claim.  (Doc. No. 12 at 7-8); *see*

Cal. Mil. & Vet. § 402(a).

Alternatively, Defendant Haines argues that Plaintiff's suit against him is barred by the

Noerr-Pennington Doctrine, and should be stricken under California's anti-SLAPP law, Cal. Civ.

Code § 425.16.  (*Id.* at 8-11).  Defendant seeks approximately $3,900.00 in attorney's fees and

costs.  (*Id.* at 11).

**C. Plaintiff's Opposition**

In opposition, Plaintiff argues that regardless of whether a judgment was ultimately

entered against him, "the filing of [a] false declaration in and of itself is a violation of the SCRA

and MVC." (Doc. No. 17 at 8).  Plaintiff points out that obtaining a default is a necessary step

towards securing a default judgment, and that the CIV-100 "Declaration of nonmilitary status"

signed by Defendant Haines states that the declaration must be signed "for a judgment."  (*Id.*).

Thus, Defendants cannot credibly argue they were not seeking a default judgment; they had

signed, under penalty of perjury, a declaration intended for the specific purpose of obtaining a

default judgment.  (*Id.* at 7).  Plaintiff argues that he has stated a viable claim under both the

SCRA and MVC because the record reflects Defendants sought to use a false affidavit or

declaration to obtain a default judgment, a violation of both statutes.  (*Id.* at 5-9).

Plaintiff asserts that the Noerr-Pennington doctrine does not apply to this case, because

filing a false affidavit is not protected activity under the doctrine.  (*Id.* at 9-10).  As to Haines'

special motion to strike under § 425.16, Plaintiff argues his lawsuit is not meritless or harassing,

1    and indeed he has demonstrated a likelihood of success on the merits, thereby defeating

2    Defendant's motion to strike.  (*Id*. at 10-12).  In the alternative, Plaintiff argues that if the Court

3    finds that dismissal is warranted, he should be granted leave to amend his Complaint.  (*Id*. at 12).

4                                   **APPLICABLE LAW AND ANALYSIS**

5             **A.  Applicable Law**

6             A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure "tests the

7    legal sufficiency of a claim."  *Conservation Force v. Salazar,* 646 F.3d 1240, 1242 (9th Cir.

8    2011).  Dismissal for failure to state a claim is proper if there is a "lack of a cognizable legal

9    theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Id.; see*

10   *also Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007) (to survive a motion to dismiss, the

11   complaint must have sufficient facts to state a facially plausible claim to relief).  In deciding a

12   motion under Rule 12(b)(6), the court accepts as true all well-pled factual allegations in the

13   complaint and determines whether the factual allegations are sufficient to state a right to relief

14   above the speculative level.  *Ashcroft v. Iqbal,* 556 U.S. 662 (2009); *see also Nw. Envtl. Def. Ctr.*

15   *v. Brown,* 640 F.3d 1063, 1070 (9th Cir. 2011) (court accepts as true all material allegations in the

16   complaint, as well as any reasonable inferences to be drawn from them).

17            "Where a motion to dismiss is granted, a district court must decide whether to grant leave

18   to amend.  Generally, the Ninth Circuit has a liberal policy favoring amendments and, thus, leave

19   to amend should be freely granted."  *Winebarger v. Pennsylvania Higher Educ. Assistance*

20   *Agency*, 411 F. Supp. 3d 1070, 1082 (C.D. Cal. 2019) (citation omitted).  However, where leave

21   to amend would be futile, because "the allegation of other facts consistent with the challenged

22   pleading could not possibly cure the deficiency," leave to amend may be denied.  *DeSoto v.*

23   *Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

24            **B.  Plaintiff Fails to State a Claim Under the SCRA or MVC**

25            It is well established that the intent of 50 U.S.C. § 3931 is to protect servicemembers from

26   default judgments being entered without their knowledge.  *See, e.g., U.S. v. Kaufman*, 453 F.2d

27   306, 308-09 (2d Cir. 1971); *Fifth Third Bank v. Fla. Caring Hands Corp*., 2014 WL 12609868, at

28   *2 (M.D. Fla. July 21, 2014); *Kee v. Hasty,* 2004 WL 807071, at *6 (S.D.N.Y. Apr. 14, 2004).

Indeed, the statute's title, "Protection of servicemembers against default judgments" reflects this clear purpose.  *See* 50 U.S.C. § 3931.  The statute establishes a process designed to avoid such an occurrence, including requiring that prior to judgment being entered the plaintiff file an affidavit:

> stating whether or not the defendant is in military service and showing necessary facts to support the affidavit; or if the plaintiff is unable to determine whether or not the defendant is in military service, stating that the plaintiff is unable to determine whether or not the defendant is in military service.

50 U.S.C § 3931(b)(1)(A)-(B).  If it appears that the defendant is in military service, the court may not enter judgment until it appoints an attorney to represent the defendant.  50 U.S.C. § 3931(b)(2).  And if the court cannot determine whether defendant is in military service, the court may require plaintiff to file a bond sufficient to indemnify defendant in the event of a judgment being entered erroneously.  50 U.S.C. § 3931(b)(3).

The penalty provision of 50 U.S.C. § 3931 states that:

> A person who makes or uses an affidavit permitted under subsection (b) (or a statement, declaration, verification, or certificate as authorized under subsection (b)(4)) knowing it to be false, shall be fined as provided in title 18, or imprisoned for not more than one year, or both.

50 U.S.C. § 3931(c).  Notably, to find a violation of § 3931(c), a person must make or use an affidavit "knowing it to be false . . ."  Here, Plaintiff points to Haines' professed experience and expertise in debt collection to imply that he should have exercised more diligence before signing a declaration that Plaintiff was not in active military service.  (Doc. No. 17 at 3).  Plaintiff points out that a search of the Department of Defense's Manpower Data Center, freely available online, would have revealed that Plaintiff was in fact in active military service.  (*Id*.).  While the Court agrees that Haines lacked diligence, the Complaint fails to allege facts showing that he *knew* the declaration he signed to be false.

Further, the Court is persuaded by the weight of authority holding that the penalty provisions of § 3931(c) do not apply to a mere entry of default.  In *Palaciosreal v. Indem. Co. of California, Inc.*, 2013 WL 12139138, at *1 (C.D. Cal. Oct. 21, 2013), the plaintiff brought suit against defendants for seeking entry of default in a superior court action and included an affidavit falsely asserting that plaintiff was not in the military.  *Id*. at *3-*4.  The court looked to the title

1   and the well-established purpose of § 3931, and held that "[b]ecause Defendants never sought a

2   default judgment against Plaintiff, the SCRA affidavit requirement does not apply.  Moreover,

3   because Defendants were not required to submit an affidavit, no independent claim based on the

4   allegedly false affidavits exists."  *Id*. at *4.  Similarly, in *Davis v. Voorhees*, 2023 WL 3884996

5   (D. Ariz. June 8, 2023), the court found that a university administrator's declaration of

6   nonmilitary status in seeking entry of default in a defamation lawsuit, even if false, did not state a

7   claim under the SCRA.  As the court noted:

8            even if the Court assumes Ms. Davis' ROTC membership constituted
             active military service and that Dr. Voorhees knew Ms. Davis was
9            an active servicemember at the time she submitted the affidavit, Ms.
             Davis can state no plausible SCRA claim because Dr. Voorhees did
10           not seek nor did the state court enter a judgment of any kind.

11  *Id*. at *2; *see also Prudential Ins. Co. of Am. v. Forrest*, 2021 WL 10256467, at *2 (M.D. Tenn.

12  Mar. 24, 2021) ("[T]he SCRA's affidavit requirement and subsequent protections only apply

13  when a plaintiff seeks default judgment pursuant to Federal Rule of Civil Procedure 55(b), not

14  entry of default by the Clerk pursuant to Rule 55(a)."); *but see Simmons v. Villages Cmty. Ass'n*,

15  2020 WL 8365262, at *2 (C.D. Cal. Dec. 17, 2020) (finding plaintiff adequately pled a claim

16  under SCRA § 3931 where defendant filed a false affidavit of nonmilitary status in connection

17  with small claims action).

18          Similarly, here, Defendants could have requested a default judgment.  This would have

19  brought the attached Declaration of nonmilitary status within the ambit of § 3931.  Instead,

20  Defendants sought only an entry of default.  This distinction is evident in the form used by

21  Defendants in the Superior Court action, Judicial Council of California's form CIV-100, where an

22  applicant must designate whether he or she is seeking an entry of default, court judgment, or clerk

23  judgment by selecting the appropriate box.  It is uncontested that at no time did Defendants

24  request a default judgment.  (*See* Doc. No. 1); *see Palaciosreal*, 2013 WL 12139138 at *4.  The

25  mere fact that an entry of default is a prerequisite to a default judgment does not establish

26  § 3931(c) applies to Defendant's action.  Accordingly, the Court finds the Complaint fails to state

27  a claim under the SCRA.

28          The same reasoning set forth above applies to Plaintiff's claim under MVC § 402, whose

text and purpose are virtually identical to those of § 3931.  Given that the Superior Court in the collection action did not enter a default judgment, Defendants were not required to file a "declaration under penalty of perjury setting forth facts showing that the defendant is not in the military service" under MVC § 402(a), nor do the penalty provisions of MVC § 402(b) apply. Accordingly, the Complaint fails to state a claim under MVC § 402 based on Defendant Haines submitting a superfluous Declaration of nonmilitary status in the CIV-100.

### C.  Noerr-Pennington Doctrine

Because the undersigned finds, as set forth above, that Plaintiff's Complaint fails to state a claim, it need not address Defendant's argument that the claim is barred by the Noerr-Pennington doctrine.

### D.  Special Motion to Strike

Section 425.16 of the California Code of Civil Procedure was enacted to provide for the early dismissal of meritless suits aimed at chilling the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances.  *See* Cal. Code Civ. P. § 425.16(a); *Braun v. Chronicle Publishing Co.*, 52 Cal.App.4th 1036, 1042 (1997).  These meritless suits often are referred to as "Strategic Lawsuits Against Public Participation" or "SLAPP" suits, with the result that § 425.16 has come to be called the "anti-SLAPP statute."  *See id.* at 1040 & n. 1. The statute provides that:

> A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.

Cal. Code Civ. P. § 425.16(b)(1).  Acts "in furtherance of a person's right of petition or free speech . . . in connection with a public issue" are defined as including: (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law; (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law; or (3) any written or oral statement or

1    writing made in a place open to the public or a public forum in connection with an issue of public

2    interest.  *See id*. § 425.16(b)(e); *Briggs v. Eden Council For Hope And Opportunity*, 19 Cal.4th

3    1106, 1112 (1999).

4            A defendant filing an anti-SLAPP motion must make an initial prima facie showing that

5    the plaintiff's suit arises from an act in furtherance of the defendant's rights of petition or free

6    speech.  *See Braun*, 52 Cal.App.4th at 1042–43.  If the defendant makes this showing, the burden

7    shifts to the plaintiff to demonstrate a probability of prevailing on the challenged claims.  *See*

8    *Conroy v. Spitzer*, 70 Cal.App.4th 1446, 1450 (1999).

9            Defendants sued in federal courts may bring anti-SLAPP motions to strike state law

10   claims and are entitled to attorneys' fees and costs when they prevail.  *See Vess v. Ciba–Geigy*

11   *Corp. USA*, 317 F.3d 1097, 1109-10 (9th Cir. 2003); *United States ex rel. Newsham v. Lockheed*

12   *Missiles & Space Co*., 190 F.3d 963, 971 (9th Cir. 1999).  However, "[p]rocedural state laws are

13   not used in federal court if to do so would result in a direct collision with a Federal Rule of Civil

14   Procedure."  *Verizon Delaware, Inc. v. Covad Commc'ns Co.*, 377 F.3d 1081, 1091 (9th Cir.

15   2004).  In particular, the Ninth Circuit has held that "granting a defendant's anti-SLAPP motion

16   to strike a plaintiff's initial complaint without granting the plaintiff leave to amend would directly

17   collide with Fed. R. Civ. P. 15(a)'s policy favoring liberal amendment."  *Id.*

18           The purpose of the anti-SLAPP statute, the early dismissal of meritless claims, is still

19   served if plaintiffs eliminate the offending claims from their original complaint.  If the offending

20   claims remain in the first amended complaint, the anti-SLAPP remedies, including costs and

21   attorney's fees, remain available to defendants.  *See id.*

22           Here, the Court finds that Plaintiff's Complaint fails to state a claim.  However, under the

23   liberal amendment policy favored by Fed. R. Civ. P. 15(a), the Court will grant leave to amend.

24   Because Plaintiff may amend his Complaint, the Court finds it would be premature to rule on

25   Defendant's special motion to strike before it can determine the probability of Plaintiff's claims

26   on the merits.  *See Verizon*, 377 F.3d at 1091; *Vess* 317 F.3d at 1110.  Accordingly, the Court will

27   defer ruling on the special motion to strike.

28           *////*

8

Accordingly, it is hereby **ORDERED**:

1.  Defendant's Motion to Dismiss (Doc. No. 12) under Rule 12(b)(6) is GRANTED without prejudice to Plaintiff being granted leave to amend, if appropriate.

2.  Plaintiff is ordered to file and serve any amended pleading within twenty-one (21) days of this Order.

3.  The Court defers consideration of the special motion to strike for reasons stated herein.

Dated:    September 14, 2023    

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE