**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANDREW MOSANA,<br><br>        Plaintiff,<br><br>    v.<br><br>PROPERTY AND CASUALTY INSURANCE COMPANY OF HARTFORD AND TODD F. HAINES, ESQ.,<br><br>        Defendants. | Case No. 1:22-cv-00785-JLT-HBK<br><br>ORDER DISMISSING HARTFORD'S CROSSCLAIM WITH PREJUDICE; DISMISSING HARTFORD'S THIRD-PARTY COMPLAINT WITHOUT PREJUDICE; DISMISSING WILBER AND ASSOCIATES' AMENDED CROSSCLAIM WITHOUT PREJUDICE; AND DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>(Docs. 15, 18, 33, 50) |
| PROPERTY AND CASUALTY INSURANCE COMPANY OF HARTFORD,<br><br>        Cross-Claimant and Third-Party Plaintiff,<br><br>    v.<br><br>TODD F. HAINES, ESQ.,<br><br>        Cross-Defendant,<br><br>    AND<br><br>WILBER AND ASSOCIATES, P.C.,<br><br>        Third-Party Defendant and Cross-Claimant,<br><br>    v. | |

1

TODD F. HAINES, ESQ.,

    Cross-Defendant.

The parties have responded to the Court's recent Minute Order (Doc. 49) requesting additional briefing regarding whether jurisdiction exists over the derivative cross and third-party claims in this case. (Doc. 50.)  For the following reasons, the Court dismisses Property and Casualty Insurance Company of Hartford's ("Hartford") and Wilber and Associates, P.C.'s ("Wilber") separate crossclaims against Todd Haines, Esq. ("Haines"). (Docs. 15, 33.) Additionally, the Court dismisses Hartford's third-party complaint against Wilber. (Doc. 18.) The Clerk of Court is therefore directed to close this case.

### I.    Factual and Procedural Background

This case arises from an underlying state court debt collection lawsuit.  Plaintiff is an active military servicemember of the United States Air Force. (Doc. 1 at ¶ 2.)  Before entering military service, Plaintiff was involved in a major automobile accident in 2018.  (*Id.* at ¶ 22.)  In July 2020, Plaintiff entered into an agreement with Hartford to pay damages resulting from the car accident in monthly installments, however, by 2021, Plaintiff—then deployed in the Air Force—defaulted in his monthly payments.  (*Id.* at ¶ 23; Doc. 50 at 2.)  Hartford then retained Wilber as collections counsel to seek recovery from Plaintiff. (Doc. 15 at ¶ 5; Doc. 18 at ¶ 2.) Wilber referred the matter to attorney Haines to file a debt-collection lawsuit against Plaintiff. (Doc. 15 at ¶ 6.)

In 2021, Hartford and Haines filed an underlying state court debt-collection lawsuit against Plaintiff to recover his unpaid payments, however, Plaintiff—then deployed in the military—failed to receive notice of the lawsuit and never appeared in the underlying action. (Doc. 1 at ¶¶ 23–24; Doc. 15 at ¶ 8; Doc. 50 at 2–3.)  In the state court proceeding, Haines and Hartford filed an affidavit stating that Plaintiff was not an active member of the military (Doc. 1 at ¶¶ 24–29; Doc. 15 at ¶ 1) and moved for an entry of default against Plaintiff. (Doc. 15 at ¶ 9.) The state court then entered default against Plaintiff.  (*Id.*)

On June 24, 2022, Plaintiff filed a complaint in this Court against Hartford and Haines,

alleging two causes of action: (1) violation of the Servicemembers Civil Relief Act, 50 U.S.C. §§ 3901, *et seq.*; and (2) violation of the California Military and Veterans Code § 402. (Doc. 1 at 5–7.) Upon learning that Plaintiff was an active military servicemember, Hartford and Haines filed a motion in the state court action to set aside the entry of default. (Doc. 15 at ¶ 11.) The state court granted their motion, set aside the entry of default, and stayed the proceedings. (*Id.* at ¶ 12.)

On August 18, 2022, Haines filed an Amended Motion to Dismiss Plaintiff's complaint and Special Anti-SLAPP Motion to Strike. (Doc. 12.) The magistrate judge granted Haines motion and dismissed Plaintiff's complaint with leave to amend. (Doc. 44.) On October 17, 2023, the Court noted that Plaintiff failed to timely file an amended complaint and issued an order to show cause why the complaint should not be dismissed with prejudice. (Doc. 47.) Plaintiff failed to timely respond, and on October 25, 2023, the Court dismissed Plaintiff's complaint with prejudice. (Doc. 48.) Still pending are the Defendants' derivative claims, which the Court details further below.

### A. Hartford's Crossclaim Against Haines

On August 18, 2022, Hartford filed its crossclaim against Haines. (Doc. 15.) Hartford represents that it "is in no way responsible for the events or damages alleged in the Complaint," and that "[i]f Plaintiff sustained damages . . . such damages were caused entirely or partially by the actions of Plaintiff, the Attorney, and/or other people or entities." (*Id.* at 3.) Hartford therefore brings three claims against Haines. (*Id.* at 3–5.)

First, Hartford alleges that it is entitled to equitable indemnification against Haines, stating that "[i]f Plaintiff obtains any recovery from Hartford in this action, Hartford could only be liable if the Attorney [Haines] failed to use reasonable care in performing his work as counsel of record for Hartford in the Underlying Action." (*Id.* at 3.) Hartford requests Haines indemnify it "for all costs, attorneys' fees, and expenses incurred in the defense of Plaintiff's claims in this action and for any resulting liability, including any judgment or settlement with Plaintiff." (*Id.* at 4.) Finally, Hartford requests the Court declare that Haines has a duty to defend Hartford against Plaintiff's claims in this action (*id.*), and a duty to indemnify Hartford if Plaintiff recovers any damages against Hartford in this action. (*Id.* at 5.)

3

B. Hartford's Third-Party Complaint Against Wilber

On September 1, 2022, Hartford filed a third-party complaint against Wilber. (Doc. 18.) Hartford alleges that it entered into a written agreement with Wilber to pursue collections recovery for Hartford, "and through which [Wilber] would indemnify, defend and hold Hartford harmless from all claims arising out of [Wilber's] negligence or fault or [its] agents' or representatives' negligence or fault." (*Id.* at ¶ 2.) By September 2022, however, Wilber had "not agreed to defend, indemnify, and hold Hartford harmless in this action." (*Id.* at ¶ 20.) Hartford therefore brings this third-party complaint against Wilber, alleging breach of contract and express indemnification, and requesting declaratory relief that Wilber has a duty to defend and indemnify Hartford. (*Id.* at 6–9.)

All allegations are contingent on Hartford's contention that it "is in no way responsible for the events or damages alleged in the Complaint" and that "[i]f Plaintiff sustained damages as alleged in the Complaint, such damages were caused entirely or partially by the actions of Plaintiff, the Attorney [Haines], the Agency [Wilber], and/or other people or entities." (*Id.* at ¶ 22; *see also id.* at ¶ 38 ("Hartford is entitled to express indemnification by [Wilber] . . . for any resulting liability, including any judgment or settlement with Plaintiff.")

C. Wilber's Crossclaim against Haines

On November 17, 2022, Wilber filed its instant, mended crossclaim against Haines. (Doc. 33.) Wilber maintains that "if any liability is found on the part of Wilber by way of the Complaint and third-party complaint, then Haines is solely or primarily responsible." (*Id.* at 2.) Thus, Wilber brings this crossclaim in the event that "[i]f Mosana suffered damages as alleged in his Complaint, which Wilber denies, then such damages were caused entirely by the actions of Haines and/or others, and are in no way attributable to any act or omission by Wilber." (*Id.* at ¶ 16.) In its crossclaim, Wilber alleges express indemnification and equitable indemnification, and requests declaratory relief that Haines has a duty to indemnify Wilber "against any and all losses and expenses that may arise from the defense of the Complaint and Third-Party Complaint," and that Haines has a duty to defend Wilber against the same. (*Id.* at 4–6.)

///

4

D. Dismissal of Plaintiff's Complaint

As previously stated, the Court has dismissed Plaintiff's complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docs. 44, 47, 48.) On October 25, 2023, the Court issued an OSC, ordering the remaining parties with derivative claims in this action to file a joint brief outlining whether the Court should continue to exercise jurisdiction over this matter. (Doc. 49.) On November 15, 2023, the defendants filed their Joint Brief on Court's Continued Exercise of Supplemental Jurisdiction. (Doc. 50.)

**II.     Legal Standards**

A. Subject-Matter Jurisdiction

"Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). As such, "[i]t is to be presumed that a cause lies outside this limited jurisdiction . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (internal citations omitted); *Advanced Integrative Med. Sci. Inst., PLLC v. Garland*, 24 F.4th 1249, 1256 (9th Cir. 2022) (same).

1. *Diversity Jurisdiction*

In 28 U.S.C. §§ 1331 and 1332(a), Congress granted federal courts jurisdiction over two general types of cases: (1) those raising federal-law questions (28 U.S.C. § 1331) and (2) jurisdiction premised on diversity of citizenship (28 U.S.C. § 1332(a)). *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). A party's citizenship is not determined by their residency. *See Rainero v. Archon Corp.*, 844 F.3d 832, 839 –840 (9th Cir. 2016) (affirming dismissal of action because plaintiff "alleged only that he was a resident of Pennsylvania" and residency does not equate to citizenship); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857–58 (9th Cir. 2001) ("[T]he diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency.") Instead, a party's state citizenship is determined by his state of domicile. *Adams v. W. Marine Prods., Inc.*, 958 F.3d 1216, 1221 (9th Cir. 2020). A party's domicile is their "permanent home," which is comprised of (1) where the party resides, (2) "with the intention to

5

1 remain or to which she intends to return." *Id.* (internal quotation marks and citation omitted).
2 Thus, while residency "constitutes some evidence of domicile," the plaintiff still bears the burden
3 to show that the parties' citizenship is diverse to invoke diversity jurisdiction. *Id.*; *see also Miss.*
4 *Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily
5 synonymous with 'residence' . . . and one can reside in one place but be domiciled in another[.]")
6 (internal citations omitted).

2.  *Mootness*

An axiomatic component of subject-matter jurisdiction is the requirement that federal courts may only hear "cases" or "controversies." U.S. Const. art. III., § 2; *Wallingford v. Bonta*, 82 F.4th 797, 800–01 (9th Cir. 2023); *Matter of E. Coast Foods, Inc.*, 80 F.4th 901, 905–06 (9th Cir. 2023) (Article III standing is a component of subject-matter jurisdiction). This "case or controversy" requirement "applies through all stages of federal judicial proceedings, trial and appellate." *Wallingford*, 82 F.4th at 800 (internal quotation marks and citation omitted). "[I]t is not enough that a dispute was very much alive when suit was filed. . . . the parties in a dispute must continue to have a personal stake in the outcome of the lawsuit." *Id.* (internal quotation marks and citations omitted). "Thus, where an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Fellowship of Christian Athletes v. San Jose Unified Sch. Dist. Bd. of Educ.*, 82 F.4th 664, 681 (9th Cir. 2023) (internal quotation marks and citation omitted); *Wallingford*, 82 F.4th at 800. Ultimately, "[m]ootness is a question of law . . . and federal courts must consider mootness *sua sponte*." *Wallingford*, 82 F.4th at 800–01 (internal quotation marks and citations omitted).

B. Rule 13: Crossclaims

Federal Rule of Civil Procedure 13(g) provides the standard for when a party may launch a crossclaim against a co-party. Fed. R. Civ. P. 13(g). Specifically, the Rule states:

> CROSSCLAIM AGAINST A COPARTY. A pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action. The

>crossclaim may include a claim that the coparty is or may be liable to the crossclaimant for all or part of a claim asserted in the action against the crossclaimant.

*Id.*

Crossclaims brought pursuant to Rule 13(g) are always permissive, *CMFG Life Ins. Co. v. Smith*, No. CV 13-261 ABC (CWx), 2014 WL 12585794, at *2 (C.D. Cal. Mar. 3, 2014), and "fall within the 'ancillary jurisdiction' of the district court." *Danner v. Himmelfarb*, 858 F.2d 515, 521 (9th Cir. 1988). Accordingly, crossclaims do not need to present independent jurisdictional grounds of federal jurisdiction: "Because the court already has jurisdiction over the main claim between the plaintiff and defendants, convenience, economy and fairness dictate that it should be able to resolve all other claims arising out of the same transaction or occurrence[.]" *Danner*, 858 F.2d at 521 (citations omitted).

However, "if the main claim or the counterclaim out of which the crossclaim arises involves a federal question and is dismissed early in the litigation[,] the court also should consider dismissing the Rule 13(g) claim if there is no diversity of citizenship between the codefendants and the crossclaim arises under state law." 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1433 (3d ed. 2023) (collecting cases); *Smith*, 2014 WL 12585794, at *2 ("For crossclaims to be proper, they must either carry an independent basis for subject matter jurisdiction or fall under the Court's supplemental jurisdiction.") (citations omitted). Indeed, in *United Mine Workers of America v. Gibbs*, the Supreme Court admonished that "[c]ertainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." 383 U.S. 715, 726 (1966) (footnote and citation omitted); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine. . . will point toward declining to exercise jurisdiction over the remaining state-law claims.").

C. Rule 14: Third-Party Complaint

Federal Rule of Civil Procedure 14 allows a defendant to implead a third party into the

7

action, providing: "A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14. "The decision to allow a third-party defendant to be impleaded under rule 14 is entrusted to the sound discretion of the trial court." *United States v. One 1977 Mercedez Benz*, 708 F.2d 444, 452 (9th Cir. 1983).

There are two principles to keep in mind regarding Rule 14 impleader. First, "[a] third-party complaint depends at least in part upon the resolution of the primary lawsuit. . . . Its relation to the original complaint is thus not mere factual similarity but logical dependence." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 376 (1978) (internal citation omitted); *see also JP Express Serv., Inc. v. KG Admin. Servs.*, 2019 WL 8060074, at *6 (C.D. Cal. Nov. 5, 2019) ("Thus, if JP Express's underlying claim fails, then Third-Party Plaintiffs' claims against PeopLease also fail because the relief they seek is wholly contingent upon the success of JP Express's claim."). Accordingly, "a third-party claim may be asserted only when the third party's liability is in some way dependant [sic] on the outcome of the main claim and the third party's liability is secondary or derivative." *One 1977*, 708 F.2d at 452 (collecting cases). "It is not sufficient that the third-party's claim is a related claim; the claim must be derivatively based on the original plaintiff's claim." *Id.* This is because "[a] third-party claim . . . presupposes liability on the part of the original defendant which he is attempting to pass on to the third-party defendant." *Pavillard v. Ignite Int'l, Ltd.*, No. 2:21-CV-01306-RGK-E, 2022 WL 2036316, at *1 (C.D. Cal. Mar. 31, 2022) (internal quotation marks and citation omitted) (emphasis omitted).

Second, the Ninth Circuit has "repeatedly held that parties may not be added to an action absent an independent jurisdictional base for inclusion and that pendent party jurisdiction will not substitute for complete diversity or federal question." *Safeco Ins. Co. of Am. v. Guyton*, 692 F.2d 551, 555 (9th Cir. 1982). Logically then, "[a] defendant bringing a third-party complaint must establish an independent federal jurisdictional basis." *Berkshire Life Ins. Co. of Am. v. Medina*, No. CV 21-9070 PA (KSX), 2022 WL 16894499, at *1 (C.D. Cal. Apr. 27, 2022); *Gen. Am. Life Ins. Co. v. Rana*, 769 F. Supp. 1121, 1125 (N.D. Cal. 1991) (refusing to entertain third-party complaint because the court lacked an independent basis for jurisdiction over the third-party

defendants).

### III. Discussion

In their joint brief, the parties recite their respective positions regarding the existence of jurisdiction over their derivative claims. (Doc. 50.) The Court addresses each derivative claim in further detail below.

#### A. Hartford's Crossclaim Against Haines

First, Hartford requests the Court continue to exercise supplemental jurisdiction over its state indemnity claims in *both* its crossclaim against Haines and its third-party complaint against Wilber. (Doc. 50 at 3–5.) Hartford maintains that retaining jurisdiction is proper in both instances because "the indemnification claims arise from the same set of facts as Plaintiff's original claims," and "Hartford will rely on the same set of facts and circumstances addressed in the Complaint in showing that Haines and Wilber are required to indemnify Hartford for the fees and costs incurred in this action." (*Id.* at 4.) Finally, Hartford argues that the factors to consider regarding exercising supplemental jurisdiction over its state law claims all "strongly point toward retaining jurisdiction," the indemnity claims "do not involve a novel question of state law," and that if the Court dismissed its state claims, Hartford states it will re-file its action in state court and then "remove the matter once the jurisdictional minimum in damages is at issue." (*Id.* at 4–5.)[1]

##### *i. Supplemental Jurisdiction*

Because the Court has dismissed Plaintiff's complaint with prejudice for failure to state a claim (Doc. 48), there is no federal question jurisdictional basis for state law claims to fall within the Court's ancillary or supplemental jurisdiction. At this juncture, the Supreme Court has strongly recommended dismissing state law claims from the action. *See Gibbs*, 383 U.S. at 726; *see also Cohill*, 484 U.S. at 350 n.7. Notwithstanding the Supreme Court's admonishments, the continued exercise of supplemental jurisdiction requires that Hartford show that its crossclaims

---

[1] The Court briefly responds to Hartford's final representation regarding its intention to re-file and then remove its case by noting that 28 U.S.C. § 1441 only allows for a *defendant* to remove a state court action to federal court. *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court . . . may be removed *by the defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending.") (emphasis added).

9

present an independent basis for jurisdiction.   WRIGHT & MILLER, *supra* § 1433; *Smith*, 2014 WL 12585794, at *2.

However, Hartford's crossclaim against Haines fails to demonstrate diversity jurisdiction. The crossclaim speaks to Haines' residency but does not address his citizenship. Likewise, it does not allege an amount in controversy above the jurisdictional limit. 28 U.S.C. § 1332 (a)(1); *see also Naffe v. Frey*, 789 F.3d 1030, 1039 (9th Cir. 2015); *See Rainero*, 844 F.3d at 839 –840. Thus, with the federal cause of action dismissed and without an independent jurisdictional basis presented in Hartford's crossclaim, the Court will not continue to exercise jurisdiction over the crossclaim.

### ii. Mootness

Finally, even if the Court ignored the requirement that Hartford's crossclaim present an independent jurisdictional basis Hartford's crossclaim against Haines is moot.  Hartford's crossclaim is premised on a determination that "should any liability be found on the part of Hartford, the Attorney [Haines] is responsible for such damages." (Doc. 15 at ¶ 1.)  Indeed, Hartford's causes of action are equally contingent on such liability. (*See id.* at ¶ 17 ("If Plaintiff obtains any recovery from Hartford in this action, Hartford could only be liable if the Attorney failed to use reasonable care in performing his work as counsel of record for Hartford in the Underlying Action."), ¶ 22 ("Hartford contends the Attorney has a duty to defend Hartford against Plaintiff's claims in this action."), ¶ 26 ("There exists a genuine and bona fide dispute and an actual controversy and disagreement between Hartford and the Attorney regarding whether the Attorney has a duty to indemnify Hartford *for any recovery by Plaintiff* in this action.") (emphasis added).

A Rule 12 dismissal of a complaint, with or without prejudice, and whether with or without leave to amend, acts as a final adjudication on the merits.  *See* Fed. R. Civ. P. 41(b); *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981); *see also N.A.A.C.P. v. Hunt*, 891 F.2d 1555, 1560 (11th Cir. 1990) (holding that a "dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits'" even where the district court does not state whether the claims were dismissed with or without prejudice) (quoting

*Moitie*, 452 U.S. at 399 n.3). A plaintiff cannot re-allege claims dismissed with prejudice. *See Cook v. State Farm Gen. Ins. Co.*, No. 21-CV-02458-MMC, 2022 WL 1225016, at *3 (N.D. Cal. Apr. 26, 2022); 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 2023); *see also Dismissed with Prejudice*, BLACK'S LAW DICTIONARY (11th ed. 2019) ("[R]emoved from the court's docket in such a way that the plaintiff is foreclosed from filing a suit again on the same claim or claims.").

Thus, Hartford's crossclaims against Haines are moot, as there is no live controversy between the two co-defendants when Hartford premised liability contingent on Plaintiff's recovery. (Doc. 15 at ¶¶ 15, 17, 26, 29.) Nor is there a live controversy between the two co-defendants to determine whether Haines had a duty to defend Hartford "against Plaintiff's claims in this action," as Plaintiff's claims are terminated. (*Id.* at ¶ 22.) Plaintiff has not recovered any damages against either Hartford or Haines and in fact is precluded from doing so in the future as well. *Cook*, 2022 WL 1225016, at *3; 5B WRIGHT & MILLER, *supra* § 1357. Hartford's crossclaims against Haines are therefore moot. *Fellowship of Christian Athletes v. San Jose Unified Sch. Dist. Bd. of Educ.*, 82 F.4th 664, 681 (9th Cir. 2023).

As Hartford's crossclaims not only lack an independent basis for subject-matter jurisdiction, but are also moot in its claims for indemnity, the Court dismisses Hartford's crossclaim with prejudice. *Fed. Deposit Ins. Corp. v. Money Line Am., et al.*, No. CV-10-04452 DMG (RNBx), 2011 WL 13272413, at *1 n.2 (C.D. Cal. July 13, 2011). Accordingly, Hartford's crossclaim against Haines (Doc. 15) is **DISMISSED WITH PREJUDICE**.

B. Hartford's Third-Party Complaint Against Wilber

i. *Independent Basis for Jurisdiction*

A third-party complaint requires the third-party plaintiff to present an independent basis for subject-matter jurisdiction. *Safeco*, 692 F.2d at 555; *Berkshire Life Ins. Co.*, 2022 WL 16894499, at *1; *Rana*, 769 F. Supp. at 1125. Though Hartford's third-party alleges the citizenship of the parties (Doc. 18 at ¶¶ 4–5), it does not allege an amount in controversy. 28 U.S.C. § 1332(c); *see generally Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010).[2] This is a fatal

---

[2] Causes of action alleging breach of contract and express indemnification sound in state law. *Hall v. N. Am. Van*

11

defect to establishing diversity jurisdiction. 28 U.S.C. § 1332(a)(1); *see also Naffe v. Frey*, 789 F.3d 1030, 1039 (9th Cir. 2015).

*i. Derivative Liability*

Hartford's third-party complaint does not pre-suppose its own liability. For example, in *Pavillard*, the Central District held that Defendant Ignite International, Ltd. failed to sufficiently state a third-party claim for derivative liability because it alleged: "'In the event of and to the extent that Ignite is determined to be wholly or partially liable to Plaintiff, Ignite is entitled to total or partial indemnification [and/or contribution] from [Third-Party Defendant] [Ryan].'" *Pavillard*, 2022 WL 2036316, at *1. There, the court held that Ignite's third-party complaint must fail because "Ignite does not presuppose its own liability," but instead merely "attempts to shift blame to Ryan by asserting that Ryan, and not Ignite, was responsible[.]" *Id.* That assertion, the Court concluded, "may constitute a defense, [but] does not constitute a viable claim for derivative liability." *Id.*; *see also United States v. One 1977 Mercedez Benz*, 708 F.2d 444, 452 (9th Cir. 1983) (requiring a third-party claim "be derivatively based on the original plaintiff's claim").

The same principle is true regarding Hartford's own third-party complaint, which fails to presuppose its own liability. *See* Doc. 18 at ¶ 3 ("[S]hould any liability be found on the part of Hartford, the Agency [Wilber] and/or the Attorney [Haines] is responsible for such damages."), ¶ 22 ("If Plaintiff sustained damages as alleged in the Complaint, such damages were caused entirely or partially by the actions of Plaintiff, the Attorney, the Agency, and/or other people or entities."). These allegations reflect Hartford's intention to shift liability rather than presuppose it, making them possible defenses rather than viable claims for derivative liability. *Pavillard*, 2022 WL 2036316, at *1; *see also Kim v. Fujikawa*, 871 F.2d 1427, 1424 (9th Cir. 1989) (stating that "while Rule 14 provides the procedural mechanism for the assertion of a claim for

---

*Lines, Inc.*, 476 F.3d 683, 686–87 (9th Cir. 2007) (breach of contract claim is a question of state law); *Focus 15, LLC v. NICO Corp.*, No. 21-cv-01493-EMC, 2022 WL 267441, at *4 (N.D. Cal. Jan. 28, 2022) ("Express indemnity arises out of express contractual language.") (citing *Prince v. Pac. Gas & Elec. Co.*, 45 Cal. 4th 1151, 1157 (2009)). Finally, a request for declaratory relief is a remedy not a cause of action, and therefore has no significance in determining whether a complainant invokes the Court's diversity or federal question jurisdiction. *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 975 (N.D. Cal. 2010).

contribution or indemnity, there must also exist a substantive basis for the third-party defendant's liability.") (citation omitted); *Haynes v. Anna's Linens*, No. C 05 2670 MMC, 2005 WL 3021941, at *2 (N.D. Cal. Nov. 10, 2005) (improper use of third-party complaint where "an original defendant sought to join a third-party on the theory that the third-party, instead of the original defendant, was the cause of the plaintiff's harm") (citation omitted).

Finally, by definition, a third-party complaint logically depends on the outcome of the primary lawsuit. *Kroger*, 437 U.S. at 376; *JP Express Serv.*, 2019 WL 8060074, at *6. Thus, even if the Court allowed Hartford's third-party complaint to shift potential liability to Wilber, *see, e.g.*, *JP Express Serv.*, 2019 WL 8060074, at *6, the dismissal of Plaintiff's complaint resolves the disputes in the third-party complaint. (Doc. 48.) Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Hartford's third-party complaint against Wilber. (Doc. 18.)

### C. Wilber's Crossclaim against Haines

Because the Court has dismissed Wilber from this action as a third-party defendant, it has no alternative but to also dismiss Wilber's amended Crossclaim against Haines. (Doc. 33.) Rule 13(g) only allows a party to state a crossclaim "against a coparty." Fed. R. Civ. P. 13(g). Because Wilber is no longer a party to this action due to the Court's dismissal discussed above, Wilbur may not bring a crossclaim against Haines.

Furthermore, as the federal question basis for jurisdiction no longer exists, Wilber was required to state an independent basis for jurisdiction. WRIGHT & MILLER, *supra* § 1433; *Smith*, 2014 WL 12585794, at *2. Similar to Harford, Wilber has only alleged that Haines is "an individual residing in Los Angeles County, California." (Doc. 33 at ¶ 2.) Residency does not equate to citizenship, *Rainero*, 844 F.3d at 839 –840, and Wilber has failed to allege an amount-in-controversy. *Ibarra*, 775 F.3d at 1195; 28 U.S.C. § 1332(a).

Finally, Wilber's crossclaim seeks to impose liability against Haines only if Wilber itself is held liable for Plaintiff's damages. (Doc. 33 at ¶ 1, ¶ 27 (alleging shift of liability to Haines), ¶ 29 (same), ¶ 33.) The Court has dismissed Plaintiff's original lawsuit with prejudice (Doc. 48), and as held above, has dismissed Wilber as a party to this action. Wilber's crossclaim is therefore

rendered moot. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Wilber's amended crossclaim against Haines. (Doc. 33.)

### D. Leave to Amend

Courts have broad discretion to grant leave to amend a complaint. *Nguyen v. Endologix, Inc.*, 962 F.3d 405, 420 (9th Cir. 2020). Generally, Rule 15 advises that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]his policy is to be applied with extreme liberality." *Herring Networks, Inc. v. Maddow*, 8 F.4th 1148, 1160 (9th Cir. 2021) (internal quotation marks and citation omitted). In determining whether a plaintiff should be granted leave to amend, courts consider "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Kroessler v. CVS Health Corp.*, 977 F.3d 803, 814–15 (9th Cir. 2020) (internal quotation marks and citation omitted).

Thus, the policy of liberally granting a party leave to amend its complaint "does not extend to cases in which any amendment would be an exercise in futility or where the amended complaint would also be subject to dismissal." *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) (internal quotation marks and citation omitted). "Futility alone can justify a court's refusal to grant leave to amend." *Id.* (internal quotation marks and citation omitted). Granting leave to amend is futile when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Barahona v. Union Pac. R. R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018) (internal quotation marks and citation omitted).

Although the Court would ordinarily grant leave to amend a complaint with a jurisdictional defect, amendment is futile where the claims are rendered moot and fail to satisfy Rule 14's requirements. *Scott v. California*, No. 5:14-cv-2648-R (SK), 2018 WL 6070938, at *2 (C.D. Cal. Mar. 8, 2018) (denying leave to amend for moot claim); *Christensen v. Cotnoir*, No. C 11-03864 JSW, 2014 WL 576257, at *1 (N.D. Cal. Feb. 11, 2014) (denying leave to amend as futile when defendant failed to comply with Rule 14). The Court therefore **DENIES** Hartford leave to amend its third-party complaint. However, Hartford's complaint is dismissed without prejudice. (Doc. 18.)

Finally, it is futile to grant Wilber leave to amend its amended crossclaim, which was entirely premised on the success of Hartford's third-party complaint against it. (Doc. 33.) Accordingly, the Court **DISMISSES** the amended crossclaim without prejudice but without leave to amend.

## CONCLUSION

Based upon the foregoing, the Court **ORDERS**:

(1) Property and Casualty Insurance Company of Hartford's Crossclaim Against Defendant Todd F. Haines (Doc. 15) is **DISMISSED WITH PREJUDICE.**

(2) Property and Casualty Insurance Company of Hartford's third-party complaint Against third-party defendant Wilber and Associates, P.C. (Doc. 18) is **DISMISSED WITHOUT PREJUDICE**. The Court **DENIES** Hartford leave to amend its third-party complaint.

(3) Third-party defendant Wilber and Associates, P.C.'s mended Crossclaim against Todd F. Haines (Doc. 33) is **DISMISSED WITHOUT PREJUDICE**. The Court **DENIES** Wilber leave to amend its crossclaim.

(4) The Clerk of Court is directed to **CLOSE THIS CASE**.

IT IS SO ORDERED.

Dated: __December 27, 2023__

UNITED STATES DISTRICT JUDGE